Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| SEVERINO BERMÚDEZ VARELA<br><br>Recurrido<br><br>v.<br><br>JUNTA DE RETIRO DEL GOBIERNO DE PUERTO RICO<br><br>Recurrente | KLRA202400044 | Revisión Judicial Procedente de la Junta de Retiro del Gobierno de Puerto Rico<br><br>Caso Núm.: 2022-0049<br><br>Sobre: Beneficios Ley Núm. 3 de 2013 |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

El 29 de enero de este año, el Sr. Severino Bermúdez Varela (en adelante, señor Bermúdez o peticionario) sometió ante este Tribunal de Apelaciones *Recurso de revisión judicial.* En este, nos solicitó la revocación de la *Resolución* emitida por la Junta de Retiro del Gobierno de Puerto Rico (en adelante Junta). Por virtud de la misma, se resolvió confirmar la decisión de denegarle al peticionario los beneficios de bono de medicamentos, aguinaldo de navidad y aportación al plan médico.

Examinado el recurso, los documentos que le acompañaron y con el beneficio de la copia certificada del expediente administrativo, al amparo de las disposiciones legales aplicables que más adelante exponemos, resolvemos **confirmar** la determinación recurrida.

I

Los hechos que concluyeron con la presentación del recurso de epígrafe conforme surgen del expediente administrativa, son los siguientes:

El 15 de junio de 2013, el peticionario suscribió una *Solicitud de pensión por edad y años de servicio*.[1] Días después, el 19 de junio del mismo año, este remitió una comunicación al Lcdo. Héctor M. Mayol Kauffman, como Administrador del Sistema de Retiro. Allí, informó que había renunciado al puesto que ocupaba como Jefe del Panel Central de Investigaciones del Tribunal Supremo de Puerto Rico con efectividad del 30 de junio de dicho año. Igualmente, señaló que la presentación de su renuncia se hizo con el propósito de conservar su derecho a recibir el beneficio de Bono de Medicamentos, Aguinaldo de Navidad y aportación para compra de un plan médico. A su vez, indicó que, debido al *Addendum* del 3 de junio de 2013 de la *Carta Normativa Especial Núm. 2013-01*, el entonces Presidente del Tribunal Supremo, Hon. Federico Hernández Denton, extendió su nombramiento en dicho puesto efectivo el 1 de julio de 2013. Por todo lo allí indicado, solicitó que se dejara sin efecto el pago de la pensión gestionada hasta su separación del servicio activo en la Rama Judicial.

Años después, específicamente el 17 de noviembre de 2021, el señor Bermúdez remitió comunicación dirigida al Lcdo. Luis M. Collazo Rodríguez, como Administrador de la Administración de los Sistemas de Retiro (Administrador). En esta, indicó haber renunciado a su puesto como Jefe del Panel Central de Investigaciones del Tribunal Supremo de Puerto Rico con efectividad al 30 de noviembre de 2021 y solicitó que se activara su pensión suspendida. El 11 de agosto de 2022, el peticionario nuevamente remitió carta al Administrador recordándole las disposiciones de la *Carta Normativa Especial Núm. 2013-01* y reclamando a su favor el beneficio de Bono de Medicamentos, Aguinaldo de Navidad y aportación para compra de un plan médico.

---

[1] Según el expediente administrativo, tal solicitud fue completada el 27 de junio de 2013.

En respuesta a esta última comunicación, el 21 de octubre de 2022, la Directora del Área de Servicios y Beneficios de la Junta suscribió una misiva dirigida al peticionario en la que le indicó que no le correspondían los beneficios reclamados. Según allí expuesto, el señor Bermúdez no cumplía con la definición de pensionado de la Ley 447 de 15 de mayo de 1951, pues esta señalaba que pensionado se refería a, "toda persona que reciba una pensión o anualidad de acuerdo con las disposiciones de esta Ley o de las que crean los diferentes Sistemas de Retiro." Asimismo, se le indicó que conforme los propios hechos señalados por él, en su caso nunca ocurrió la separación del servicio público que la Ley 447, *supra*, dispone, ya que, trabajó ininterrumpidamente con el mismo patrono y ocupando el mismo puesto luego de la renuncia.

El 8 de noviembre de 2022 el peticionario presentó documento titulado *Solicitud de reconsideración*. El 28 del mismo mes y año, y sobre este, la Junta se reafirmó en su postura. Ante este hecho, y por estar inconforme, el peticionario presentó ante la Junta la *Apelación* número 2022-0049. Tras varios trámites que no son necesarios detallar, y habiéndose celebrado la correspondiente vista administrativa, la Junta emitió la *Resolución* recurrida.

El 15 de diciembre de 2023, el peticionario solicitó la reconsideración de lo allí resuelto. No habiéndose atendido por la Junta dentro del término establecido para ello, el señor Bermúdez instó el recurso de epígrafe y alegó que la Junta erró al denegar los beneficios de Bono de Medicamentos, Aguinaldo de Navidad y Aportación. Esto, ante el lenguaje claro de la Carta Normativa Especial Núm. 2013-01, particularmente la enmienda que el *Addendum* del 3 de junio de 2013 hizo al inciso C de su Sección VII.

Atendido el recurso, el 5 de febrero de 2024, emitimos *Resolución* mediante la cual le ordenamos a la Junta a someter copia certificada del expediente administrativo, así como a comparecer y someter su posición.

En cumplimiento con ello, el 15 de febrero esta sometió copia certificada del expediente administrativo. Posteriormente, la Junta compareció mediante *Alegato en oposición a revisión judicial*. Con el beneficio de su comparecencia, damos por sometido el asunto y resolvemos.

**I.**

*-A-*

La competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq*. A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. 3 LPRA Sec. 9671. Asimismo, la Sección 4.2 de la LPAU establece que la parte adversamente afectada por una orden o resolución final de una agencia, que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente, podrá presentar una solicitud de revisión, dentro de treinta (30) días contados a partir de la fecha de archivo en autos de la notificación de la orden o resolución final. 3LPRA Sec. 9672. La finalidad de esta disposición es delimitar la discreción de los organismos administrativos para asegurar que estos ejerzan sus funciones conforme a la ley y de forma razonable. Empresas Ferrer v. A.R.Pe., 172 DPR 254, 264 (2007).

En cuanto a la revisión de cualquier determinación administrativa, sabido es que los tribunales apelativos vienen llamados a otorgar amplia deferencia a estas. Ello, en atención a la experiencia y la pericia que se presume tienen las agencias administrativas para atender y resolver los asuntos que le han sido delegados. Graciani Rodríguez v. Garage Isla Verde, 202 DPR 117, 126 (2019) y casos allí citados. De igual forma, es harto

conocido que esta norma no es absoluta, toda vez que los tribunales no pueden imprimirle un sello de corrección so pretexto de deferencia a las determinaciones o interpretaciones administrativas irrazonables, ilegales o simplemente, contrarias a derecho. *Íd.*

El criterio rector para examinar una decisión administrativa es la razonabilidad de la actuación de la agencia recurrida. González Segarra et al. v. CFSE et al., 188 DPR 252, 276 (2013). Por tal razón, quien impugne judicialmente una determinación administrativa tiene el peso de la prueba para demostrar que esta no está basada en el expediente o que las conclusiones a las que llegó la agencia son irrazonables. OEG v. Martínez Giraud, 210 DPR 79, 89 (2022).

Así pues, la revisión judicial estará limitada a evaluar si la agencia actuó de forma arbitraria, ilegal o irrazonable, de manera tal que sus actuaciones constituyeron un abuso de discreción. *Íd.* De esta forma, el ejercicio de la revisión se ciñe a determinar: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo, y (3) si las conclusiones de derecho fueron las correctas. Hasta tanto no se demuestre que la presunción de legalidad fue superada o invalidada, el respeto hacia la decisión administrativa debe sostenerse. *Íd.*[2]

En lo referente a la revisión judicial de las determinaciones de hechos dictaminadas por una agencia administrativa, es importante recordar que dicho ejercicio se circunscribe a evaluar si las mismas se basaron en evidencia sustancial considerando la totalidad del expediente administrativo. 3 LPRA, sec. 9675; Super Asphalt v. AFI y otro, 206 DPR 803, 820 (2021); Graciani Rodríguez v. Garage Isla Verde, *supra*. Evidencia sustancial es toda aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión. *Íd.*, a la pág. 127.

---

[2] Ello se hará mediante evidencia suficiente. OEG v. Martínez Giraud, *supra*.

En torno a las determinaciones de hecho, es menester señalar que estas serán revisables en todos sus aspectos. Así, aunque la doctrina opera en un marco de deferencia, esta cede si la agencia administrativa erró al aplicar la ley; actuó arbitraria, irrazonable o ilegalmente; o si lesionó derechos constitucionales fundamentales. OEG v. Martínez Giraud, *supra*.

*-B-*

La Ley 447 del 15 de mayo de 1951, según enmendada, 3 LPRA Sec. 761, et seq., creó el Sistema de Retiro de los empleados del Gobierno de Puerto Rico bajo un programa de retiro de beneficios definidos. Su propósito, fue garantizarle a sus participantes un ingreso sustentable una vez concluida su carrera en el servicio público. Trinidad Hernández et al. v. ELA et al., 188 DPR 828 (2013). Posteriormente, el 4 de abril de 2013, se aprobó la Ley Núm. 3-2013. Mediante esta, se creó un sistema nuevo de retiro basado en un "Programa Híbrido de Contribuciones Definidas", que eliminó por completo el criterio de mérito por años de servicio y también aumentó la edad de retiro a 61 años para los empleados cobijados por la Ley 447. *Íd.*

En cuanto al caso ante nos, es importante conocer que ante la aprobación de la Ley 3-2013, el 3 de mayo de 2013 la entonces Administración de Retiro, promulgó la Carta Normativa Especial Núm. 2013-01, en la que se interpreta este estatuto. El 3 de junio de 2013, la Administración emitió un *Addendum* a la aludida carta normativa. Mediante este, se enmendó el Art. III- Beneficios Adquiridos a los fines de incluir un nuevo inciso, que lee como a continuación transcribimos:

> F. Pensión de reducción actuarial. Aquellos participantes que al 30 de junio de 2013, tienen derecho a recibir una pensión con reducción actuarial y permanecen en servicio activo, tendrán derecho a recibir la pensión en cualquier momento que la soliciten.
>
> Si solicitan su pensión antes de cumplir los 58 años de edad, a la misma se hará la reducción actuarial que corresponda. Sin embargo, si solicitan la pensión luego de cumplir cincuenta y ocho (58) años de edad, la misma no tendrá reducción actuarial.

También, se enmendó el Art. VIII- Pensionados que reingresan al servicio, de la Carta Normativa Especial Núm. 2013-01, a los fines de añadirle un nuevo inciso C, que lee:

> C. Bono de Medicamentos, Aguinaldo de Navidad y aportación para compra de un plan médico. Todo participante que se pensionó en o antes del 30 de junio de 2013, y se reintegra o se mantiene en el servicio público luego del 1ro de julio de 2013, conservará el derecho a recibir el Bono de Medicamentos, Aguinaldo de Navidad y aportación para compra de un plan médico.
>
> Una vez se separe del servicio y se reactive su pensión, continuará recibiendo Bono de Medicamentos, Aguinaldo de Navidad y aportación para compra de un plan médico, según dispone la Ley Núm. 2-2013."

Asimismo, exponemos que mediante la aprobación de la *Ley para garantizar el pago a nuestros pensionados y establecer un nuevo plan de aportaciones definidas para los servidores públicos,* (Ley 106-2017), enmendó sustancialmente las disposiciones de la Ley 447. La misma, entre otras cosas, creó la Junta de Retiro del Gobierno de Puerto Rico.

## III

Según arriba indicamos, el señor Bermúdez señala que la Junta de Retiro falló al rechazar su apelación y sostener que no tiene derecho a recibir bono de medicamentos, aguilando de Navidad y la aportación para plan médico, según había sido resuelto. A tales efectos, argumenta que la enmienda que el *Addendum* hizo a la *Carta Normativa Especial Núm. 2013-01* y el lenguaje introducido en esta claramente demuestra que tiene derecho a recibir los beneficios reclamados ya que contiene la frase "o se mantiene en el servicio público". Con tal propósito, plantea que la determinación recurrida descansó en una interpretación errónea de este lenguaje, exigiéndose el cumplimiento de un requisito inexistente: haber estado pensionado- o sea, recibiendo una pensión o anualidad- en o antes del 30 de junio de 2013. Además de ello, en su recurso el señor Bermúdez reclama la igual protección de las leyes y señala que la Junta de Retiro tuvo ante su consideración varios casos con las mismas circunstancias, siendo él la única

persona a la que le fue denegado el beneficio. Así, reclama discrimen por nacionalidad por parte de la Junta.

La Junta, por su parte, al defender la decisión recurrida señala que los argumentos levantados por el peticionario con el fin de impugnarla se fundamentan en hechos ajenos al expediente administrativo, así como en una interpretación desacertada del derecho aplicable. Así, primeramente, indica que el reclamo del peticionario alegando que actuó contra sus propios actos o que discriminó en su contra por su nacionalidad carecen de respaldo. En segundo lugar, tras citar algunas disposiciones de la Ley 447 de 15 de mayo de 1951, la Ley 3-2013 y la propia *Carta Normativa Especial Núm. 2013-01*, afirma y discute que la decisión recurrida fue correcta en derecho, pues el señor Bermúdez nunca advino a ser pensionado, sino hasta su jubilación el 30 de noviembre de 2022.

En cuanto a ello, destaca que conforme surge del expediente administrativo, el 19 de junio de 2013, previo a que fuera efectiva la renuncia del peticionario y este comenzara a recibir los beneficios del retiro al que solicitó acogerse, mediante comunicación escrita, este solicitó que se dejara sin efecto el pago de la pensión gestionada. Asimismo, asevera que el expediente administrativo demuestra, sin que pueda existir duda, que el señor Bermúdez ocupó el mismo puesto desde el año 1998 hasta su separación en el año 2021, que no existe constancia de que haya solicitado la liquidación de las licencias acumuladas, ni que haya recibido pagos por concepto de pensión por parte de la Junta, por lo que no hubo una interrupción de empleo en el servicio público que pueda sostener su reclamo de que al 30 de junio de 2013, era un pensionado al que le aplicaran las disposiciones que reclama a su favor.

Un análisis sopesado de los argumentos levantados por ambas partes, de la determinación impugnada y de la transcripción oficial de la vista administrativa contenida en la copia certificada del expediente

administrativo, así como de las normas de autolimitación judicial arriba consignadas, nos lleva a concluir que la decisión recurrida merece nuestra deferencia, por lo que resolvemos confirmarla.

La discusión ofrecida por el señor Bermúdez al argumentar su único señalamiento de error es insuficiente en derecho para derrotar la deferencia que debemos observar hacia las decisiones administrativas. Notamos que más allá de citar las disposiciones legales que estima pertinentes y aplicables al caso, se limita a exponer que:

> La actuación de los directivos de los Sistema de Retiro en el caso del peticionario colapsa la buena fe y la seguridad jurídica en el tráfico de los ciudadanos, que solicitan su retiro, después de haber dado los mejores años de su vida. Una parte no puede [contradecir] sus actos pasados en beneficio propio o en perjuicio de terceros, como lo hizo en este caso el Sistema de Retiro del Gobierno de Puerto Rico.

> […] Como discutimos en la introducción, hubo para la fecha de 2013, 4 empleados incluyendo al peticionario junto a la Dra. Mildred Negrón, Directora de la Academia Judicial; la Sra. Carmen Teresa Torres, Secretaria del Juez Presidente, Hon. Federico Hernández Denton; y el Sr. Julio Jurado, Alguacil General del Poder Judicial. **Véase Certificación y declaración jurada, Apéndice Págs. 237 y 238.** Donde se puede constatar sin lugar a dudas que estas dos personas que se encontraban en la misma situación que el peticionario en su jubilación, si les dieron los beneficios que le negaron a Don Severino Bermúdez en violación a la igual protección de las leyes. ¿Pero por qué sí a ellos y por qué no a Don Severino?, después de dedicarle mucho tiempo a este análisis es forzoso concluir que discriminaron contra él por la única razón de ser extranjero, ciudadano español, residente en Puerto Rico por más de 30 años.

Definitivamente, debemos considerar que las determinaciones de hechos de organismos y agencias tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. Según correctamente señala la Junta, más allá de exponer su interpretación a las disposiciones legales aplicables, para impugnar la *Resolución* recurrida, el señor Bermúdez se limita a reclamar un trato discriminatorio de la Junta para con su caso por su nacionalidad extranjera. Sin embargo, los documentos que señala demuestran el discrimen, no fueron admitidos durante el proceso administrativo. No habiéndose derrotado por el

peticionario la razonabilidad de la decisión recurrida, no estamos en posición de concluir que procede su revocación.

Ahora, previo a concluir nuestra intervención, consideramos importante realizar un llamado a la representación legal de ambas partes a observar la máxima precaución en la preparación y presentación de los recursos apelativos, sus correspondientes apéndices y cualquier documento a ser sometido ante nuestra consideración. Ello así, ya que al cumplir con nuestra encomienda revisora y estudiar minuciosamente los documentos que el señor Bermúdez acompañó con su recurso, así como el expediente administrativo sometido por la Junta, nos hemos percatado que estos contienen información confidencial que debió ser tachada.

Nos referimos específicamente al sinnúmero de documentos contenidos en el Apéndice y expediente administrativo que contienen el número de seguro social completo del señor Bermúdez. Por lo antes expresado, ordenamos el desglose del Apéndice para que este sea devuelto a la representación legal del peticionario, así como de la copia certificada del expediente administrativo, para que se devuelva a esta.

IV

Por los fundamentos antes esbozados, confirmamos la *Resolución* emitida por la Junta de Retiro del Gobierno de Puerto Rico recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones